IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CODY CREEK PARK, INC.,            )
                                  )
        Plaintiff,                )
                                  )
        v.                        )
                                  )
CAPITAL ONE SERVICES, LLC;        )        1:16CV1136
CAPITAL ONE SERVICES II, LLC;     )
CAPITAL ONE FINANCIAL             )
CORPORATION; CAPITAL ONE BANK;    )
CAPITAL ONE BANK (USA), N.A.;     )
and CAPITAL ONE, N.A.,            )
                                  )
        Defendants.               )

## MEMORANDUM OPINION AND ORDER

THOMAS D. SCHROEDER, District Judge.

Plaintiff Cody Creek Park, Inc. ("Cody Creek") brings this action to recoup thousands of dollars in credit card payments it claims were made with funds embezzled by its former employee and her husband dating back some twelve years ago. Defendants move to dismiss the complaint on the ground the claim is barred by the applicable statute of limitations. (Doc. 13.) For the reasons set forth below, the motion will be granted and the complaint will be dismissed with prejudice.

I.   BACKGROUND

Viewed in the light most favorable to Plaintiff, the operative facts are as follows:

Plaintiff Cody Creek operates recreational and banquet facilities in Surry County, North Carolina. (Doc. 7 at 1, ¶ 1.)

From December 29, 2005, through March 16, 2012, Cody Creek contracted bookkeeping services from Cheryl White, who used her position to embezzle funds from the company. (Id. at 3, ¶ 19.) During the same time, White and her husband held credit cards issued by Defendants (id. at 2, ¶¶ 12-15) and used embezzled funds to pay off those credit cards (id. at 3, ¶ 19). The payments the Whites made exceeded their average income. (Compare id. at 3, ¶ 25 (alleging that White's husband had an average monthly income of $2541.76), with id. at 4, ¶ 26 (alleging that his monthly credit card bills exceeded $4000).) Cody Creek discovered the misfeasance in July of 2014. (Id. at 3, ¶ 18.)

On August 6, 2016, Cody Creek filed the present claim in Surry County, North Carolina, Superior Court, alleging that Defendants knew or should have known that the Whites' bills exceeded their income and were being paid with Cody Creek's funds without authorization. (Id. at 3, ¶¶ 21, 22.) In an untitled claim, Cody Creek alleges that Defendants "received and consciously accepted a benefit of discharging indebtedness" when the Whites used embezzled funds to pay off their credit cards (id. at 4, ¶ 35), unjustly enriching Defendants (id. at 5, ¶ 37). Cody Creek seeks a constructive trust on Defendants and on the Whites' credit card payments. (Id. at 5, ¶ 41.) Defendants timely removed this action on the basis of diversity jurisdiction (Doc. 1) and now move to

2

dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

**II. ANALYSIS**

The purpose of a Rule 12(b)(6) motion is to "test[] the sufficiency of a complaint" and not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).[1] The court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted), and all reasonable inferences must be drawn in the plaintiff's favor, Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). This means a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable" and must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556

---

[1] Cody Creek's statement that a motion to dismiss cannot be granted unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" (Doc. 15 at 4 (citation omitted)) conjures up a prior standard disavowed by Twombly, a case it also cites. Twombly, 550 U.S. at 563 (noting that the "no set of facts" language "has earned its retirement" and "is best forgotten as an incomplete, negative gloss on an accepted pleading standard").

3

U.S. at 678 (citing Twombly, 550 U.S. at 556). While "the complaint, including all reasonable inferences therefrom, [is] liberally construed in the plaintiff's favor," this "does not mean that the court can ignore a clear failure in the pleadings to allege any facts [that] set forth a claim." Estate of Williams-Moore v. All. One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 646 (M.D.N.C. 2004) (citing McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 327 (4th Cir. 1996)). Mere legal conclusions are not accepted as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

The only cause of action Cody Creek construes its complaint to raise is for a constructive trust. (See generally Doc. 15 at 5-10.) Defendants argue that North Carolina does not recognize any such cause of action; rather, a constructive trust is an equitable remedy for other claims. (Doc. 14 at 9-10.) The only plausible claim raised by the complaint, Defendants argue, is for unjust enrichment, which they contend is long since time-barred. (Id. at 5-9; Doc. 19 at 2-3.)

Cody Creek does not defend against this argument or construe its complaint to include a claim for unjust enrichment. It therefore has waived any right to contest Defendants' contention in this regard. See Landress v. Tier One Solar LLC, No. 1:15CV354, 2017 WL 1066648, at *2 n.7 (M.D.N.C. Mar. 21, 2017) (noting that

4

where a party fails to develop an issue in its brief, courts have deemed the issue waived (citing Belk, Inc. v. Meyer Corp., U.S., 679 F.3d 146, 152 n.4 (4th Cir. 2012))). However, because even an unopposed motion to dismiss must be supported by the record, the court must satisfy itself that the complaint is barred by limitations for the reasons stated. See Stevenson v. City of Seat Pleasant, 743 F.3d 411, 416 n.3 (4th Cir. 2014) (explaining that "[e]ven though [the plaintiffs] did not challenge the motions to dismiss, . . . the district court nevertheless has an obligation to review the motions to ensure that dismissal is proper"); accord Gardendance, Inc. v. Woodstock Copperworks, Ltd., 230 F.R.D. 438, 449 (M.D.N.C. 2005) ("As with summary judgment motions, a court does not grant a motion for dismissal merely because it is uncontested. Rather, a district court should review a motion to dismiss on its merits to determine whether the pleadings are sufficient.").

Defendants bear the burden of proof that the statute of limitations, an affirmative defense, bars the claim. Fed. R. Civ. P. 8(c)(1); Stack v. Abbott Labs., Inc., 979 F. Supp. 2d 658, 664 (M.D.N.C. 2013). A court can reach the merits of a limitations issue at the Rule 12(b)(6) stage only "if all facts necessary to the [statute of limitations] defense 'clearly appear[] on the face of the complaint.'" Stack, 979 F. Supp. 2d at 664 (quoting Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007)) (alteration

5

in original).

"A claim for unjust enrichment is subject to a three year statute of limitations period that runs from the date the claim accrues." Celgard, LLC v. LG Chem, Ltd., No. 3:14-CV-00043-MOC-DC, 2015 WL 2412467, at *16 (W.D.N.C. May 21, 2015). An unjust enrichment claim accrues "when the wrong is complete." Mountain Land Properties, Inc. v. Lovell, 46 F. Supp. 3d 609, 626 (W.D.N.C. 2014). Here, the last alleged wrongdoing took place on March 16, 2012, when the Whites' last payment to Defendants drawn on a Cody Creek check was made. (Doc. 7 at 3, ¶ 19.) Because this occurred four years before the present action was filed, the claim is facially time-barred.

Cody Creek does not argue, nor does North Carolina appear to recognize, a discovery rule for unjust enrichment claims that would toll the limitations period. See Housecalls Home Health Care, Inc. v. State, Dep't of Health and Human Servs., 200 N.C. App. 66, 73, 682 S.E.2d 741, 746 (2009) (Geer, J., concurring) (noting that North Carolina does not recognize a discovery rule for unjust enrichment claims); Stratton v. Royal Bank of Canada, 211 N.C. App. 78, 83, 712 S.E.2d 221, 227 (2011) (holding that the "discovery rule" does not apply to claims for unjust enrichment).

While Cody Creek does not argue it, North Carolina law estops a defendant from raising a statute of limitations defense where he seeks to use it not as a shield but "as a sword, so as to unjustly

6

benefit from his own conduct which induced a plaintiff to delay filing suit." Friedland v. Gales, 131 N.C. App. 802, 806, 509 S.E.2d 793, 796 (1998) (citations omitted); see also Nowell v. Great Atl. & Pac. Tea Co., 250 N.C. 575, 579, 108 S.E.2d 889, 891 (1959) ("[E]quity will deny the right to assert [a statute of limitations] when delay has been induced by acts, representations, or conduct, the repudiation of which would amount to a breach of good faith."). But this doctrine applies only when a defendant's acts induce a plaintiff "to believe that certain facts exist" and the plaintiff "rightfully relies and acts upon that belief to his detriment." Jordan v. Crew, 125 N.C. App. 712, 720, 482 S.E.2d 735, 739 (1997) (citation omitted). Cody Creek's complaint does allege that Defendants "knew or should have known" that the payments they received were made with Cody Creek's funds without its authorization. (E.g., Doc. 7 at 3, ¶ 22.) But it does not allege that Cody Creek relied on anything Defendants said or did, or that they ever induced Cody Creek to delay filing its action within the statute of limitations. Defendants are therefore not estopped from asserting the statute of limitations.

This leaves Cody Creek's argument that its claim is timely because it alleges a constructive trust that enjoys North Carolina's ten-year statute of limitations contained in North Carolina General Statute § 1-56. (Doc. 15 at 10-16.)

Under North Carolina law, a constructive trust is a remedy

for otherwise-established wrongs, not a freestanding cause of action. New Amsterdam Cas. Co. v. Waller, 301 F.2d 839, 842 (4th Cir. 1962) (applying North Carolina law) ("A constructive trust is merely a procedural device by which a court of equity may rectify certain wrongs.  It is suggestive of a power which a court of equity may exercise in an appropriate case, but it is not a designation of the cause of action which justifies an exercise of the power."); id. at 844 ("A declaration that [the plaintiff] is a constructive trustee is an appropriate remedial step, but it is not descriptive of the substantive right . . . ."); Danielson v. Human, No. 3:12-CV-00840-FDW, 2014 WL 1765168, at *5 n.4 (W.D.N.C. May 2, 2014) (applying North Carolina law) ("Plaintiff also asserts a cause of action for 'Constructive Trust.'  The Court fails to find any cause of action in North Carolina law for constructive trust . . . ."); John Boyle & Co. v. Fasano, No. CIV. 5:03CV47-V, 2006 WL 572183, at *1 n.3 (W.D.N.C. Mar. 3, 2006) (applying North Carolina law) ("[C]onstructive trust is a remedy rather than a separate cause of action or legal theory . . . .").

Because a constructive trust is a remedy under North Carolina law, the applicable statute of limitations for a claim seeking a constructive trust is the limitations for the underlying cause of action.  See New Amsterdam, 301 F.2d at 842 ("For purposes of limitations, . . . the North Carolina Court has looked to the nature of the right of the litigant which calls for judicial aid,

8

not to the nature of the remedy to rectify the wrong."). Cody Creek does not identify any cognizable cause of action. The only cause of action identified, by Defendants – unjust enrichment - is time-barred for the reasons discussed above.

Cody Creek maintains that a constructive trust is a separate cause of action, relying on a handful of cases. But it misreads them. The plaintiffs in those cases sought constructive trusts only as remedies for other legal harms. See, e.g., Howell v. Alexander, 3 N.C. App. 371, 374, 165 S.E.2d 256, 259 (1969) (stating that the plaintiff brought the action "to have the court declare that [she] is the owner of a life estate" in the property on which she sought to impose a constructive trust); Huff v. Trent Acad. of Basic Ed. Inc., 53 N.C. App. 113, 114-15, 280 S.E.2d 17, 17-18 (1981) (noting that "[t]his is an action based on a claim for restitution" and that the defendant had been "unjustly enriched at the expense of the Bank"). Here, Cody Creek not only fails to identify any viable underlying claim it seeks to remedy but has abandoned the only claim Defendants have identified.

In sum, the complaint is facially time-barred, and Defendants' motion to dismiss will be granted.

## III. CONCLUSION

For the reasons set forth above, therefore,

IT IS ORDERED that Defendants' motion to dismiss (Doc. 13) is GRANTED and the complaint (Doc. 7) is DISMISSED WITH PREJUDICE.

9

A judgment in accordance with this Order will issue separately.

/s/   Thomas D. Schroeder
United States District Judge

July 25, 2017